Kenneth N. Frucht, State Bar No. 178881
LAW OFFICES OF KENNETH FRUCHT
120 Montgomery Street, Suite 1600
San Francisco, CA 94104
Tel: (415) 392-4844
Fax: (415) 392-7973

Attorneys for Antonio DelCastillo

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO DELCASTILLO, | CASE NO.: |
| Plaintiffs, | CV 08 3020 |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, KEVIN CHIN, JASON GALLAGHER, KEVIN HORAN, ROBERT KOBOLD, STEVEN NEEDHAM, ROBIN ODUM, TYLER ROPELATO, WAYMAN YOUNG, and DOES 1-25, inclusive, | COMPLAINT FOR DAMAGES (42 U.S.C. § 1983)  JURY TRIAL DEMANDED |
| Defendants. | |

COMES NOW PLAINTIFF Antonio DelCastillo ("DELCASTILLO") and alleges and complains against Defendants, CITY AND COUNTY OF SAN FRANCISCO, JASON GALLAGHER, KEVIN HORAN, ROBERT KOBOLD, STEVEN NEEDHAM, ROBIN ODUM, TYLER REPELATO, WAYMAN YOUNG, and DOES 1-25, inclusive, as follows:

I.  JURISDICTION

1. This is a civil rights action and this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in the Northern District of California under 28 U.S.C. 1391(b)

1

**COMPLAINT FOR DAMAGES**

1  because a substantial part of the events or omissions giving rise to the claims in this action occurred within this District.

3. To the extent that Plaintiffs are required to comply with provisions of the California Government Tort Claims Act, Plaintiffs have complied by filing timely claims, which claims were rejected on or about March 6, 2008.

## II. PARTIES

4. At all times relevant hereto, Plaintiff Maunel DELCASTILLO was a resident of the City and County of San Francisco, State of California.

5. Defendant, CITY AND COUNTY OF SAN FRANCISCO, is and was at all times herein mentioned, a public entity duly organized and existing under the law of the State of California.

6. Defendant KEVIN CHIN, was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual and in his official capacity.

7. Defendant JASON GALLAGHER, was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual and in his official capacity.

8. Defendant KEVIN HORAN, was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual and in his official capacity.

9. Defendant ROBERT KOBOLD, was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual and in his official capacity.

10. Defendant STEVEN NEEDHAM, was at all times herein mentioned a police officer

COMPLAINT FOR DAMAGES

of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual and in his official capacity.

11. Defendant ROBIN ODUM, was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual and in his official capacity.

12. Defendant TYLER REPELATO, was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual and in his official capacity.

13. Defendant WAYMAN YOUNG, was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual and in his official capacity.

14. Plaintiff is ignorant of the true names and capacities whether, individual, corporate or otherwise, of DOES 1-25 herein and prays leave of the Court to insert the true names and capacities of such Defendants when they become known or are ascertained, together with appropriate charging allegations.

15. Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein was the agent, employee or representative of each of the remaining defendants, and in doing the things herein mentioned, were acting in the course and scope of such agency and employment. It is further alleged that in doing the acts or omissions complained of herein, that Defendants, and each of them, acted or omitted to act in concert as agents of and/or on behalf of the other defendants named herein.

### III. FACTUAL ALLEGATIONS

#### A. THE FIRST INCIDENT

16. DELCASTILLO is a resident of San Francisco and owns a home at 88 Cambridge

COMPLAINT FOR DAMAGES

1 Street in San Francisco.

2     17. On or about July 16, 2007, DELCASTILLO called 911 after he and his ex-girlfriend Jennifer Botai had an argument, during which Botai pushed a television of a table in DELCASTILLO's home. San Francisco Police Officers ODUM and KOBOLD respond to 88 Cambridge Street. Castillo told the officers that he just wanted Botai to leave, and the officers convinced Botai to leave the house, telling her not to return.

    18. Within an hour of ODUM and KOBOLD leaving DELCASTILLO's home, Botai returned to the house and began loudly kicking at the door. DELCASTILLO once again called 911 to seek the assistance of the San Francisco police officers.

    19. When the police arrived at DELCASTILLO's home he was still speaking with the 911 dispatcher. When DELCASTILLO opened the door, the police officers, without explanation or inquiry, rushed into his home and threw him on the sofa. The officers then proceeded to handcuff, choke and strike DELCASTILLO, causing him injuries. At no time did DELCASTILLO resist the officers or give them any justification to use force on his person.

    20. After DELCASTILLO was placed in handcuffs, other officers arrived and proceeded to search and ransack his home as DELCASTILLO sat on the sofa. The officers discovered a box of prescription medicines and brought them into the living room.

    21. DELCASTILLO was taken by ambulance to San Francisco General Hospital where he was examined by medical personnel. Subsequently he was asked by a police sergeant to sign a citation, and informed that he would be taken to jail if he didn't sign. DELCASTILLO signed the citation and was released. When he returned to his home he discovered that cash and medications had been taken by the police officers.

**B. THE SECOND INCIDENT**

    22. On or about December 16, 2007, Botai came to the home of DELCASTILLO. He again called the police. Officers NEEDHAM and CHIN responded to DELCASTILLO's call, but when they arrived Botai falsely accused DELCASTILLO of trying to stab her with a knife. The officers searched DELCASTILLO's home, destroying some of his property, and removing three knives from his home. DELCASTILLO was taken to the County Jail where he was kept for

approximately 4 days.

23. After taking DELCASTILLO to the jail, NEEDHAM prepared and signed an application for an emergency restraining order against DELCASTILLO. The restraining order prepared by NEEDHAM directed DELCASTILLO to stay away from his own home at 88 Cambridge Street. Moreover, officer CHIN took DELCASTILLO's car and house keys and gave them to Botai.

24. Because of the restraining order DELCASTILLO was deprived of access to his own home. All charges against him relating to Botai's false accusations were dropped.

### FIRST CLAIM
(42 U.S.C. 1983)
(Excessive Force)

25. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 24 as though fully set forth herein.

26. The defendant police officers used unreasonable and excessive force in detaining and arresting DELCASTILLO on July 16, 2007.

27. The defendant police officers' conduct was the proximate cause of harm and damage to DELCASTILLO, and by reason of the foregoing alleged acts and conduct DELCASTILLO is entitled to damages against the defendant officers all according to proof at trial.

28. The defendant officers engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of DELCASTILLO. DELCASTILLO is therefore entitled to and does seek punitive damages against the defendant officers.

WHEREFORE plaintiff seeks relief in an amount according to proof at trial.

### SECOND CLAIM
(42 U.S.C. 1983)
(Unreasonable Search And Seizure)

29. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 28 as though fully set forth herein.

30. The defendant officers detained, searched, and arrested DELCASTILLO on or about July 16, 2007 without probable cause and without reasonable or articulable suspicion that he had committed a crime.

31. The defendant officers detained, searched, and arrested DELCASTILLO on or about December 16, 2007 without probable cause and without reasonable or articulable suspicion that he had committed a crime.

32. The acts and omissions of the defendant officers during both incidents violated Plaintiffs' rights under the laws and Constitution of the United States including but not limited to his right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

33. The defendant officers' conduct was the proximate cause of harm and damage to Plaintiff, and by reason of the foregoing alleged acts and conduct Plaintiff is entitled to damages against the defendant officers all according to proof at trial.

34. The defendant officers engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiffs. Plaintiffs are therefore entitled to and do seek punitive damages against the officers.

WHEREFORE plaintiff seeks relief in an amount according to proof at trial.

### THIRD CLAIM
(Battery – State Law Claim)

35. Plaintiff realleges and incorporate by reference, all of the allegations contained in paragraphs 1 through 34 above.

36. The defendant officers intentionally used force to detain and arrest and confine DELCASTILLO, and in doing so made offensive and harmful contact with DELCASTILLO's person.

37. DELCASTILLO did not consent to the contact that the officers made with his person.

38. The defendant officers' conduct was the proximate cause of harm and damage to

6

COMPLAINT FOR DAMAGES

DELCASTILLO, and by reason of the foregoing alleged acts and conduct DELCASTILLO is entitled to damages against the defendant officers all according to proof at trial.

39. The defendant officers engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of DELCASTILLO. DELCASTILLO is therefore entitled to and does seek punitive damages against the defendant officers.

## FOURTH CLAIM

(Intentional Infliction of Emotional Distress – State Law Claim)

40. Plaintiffs reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 39 above.

41. The conduct of the defendant officers, as set forth above was extreme and outrageous. Said conduct was intended to cause severe emotional distress to DELCASTILLO, by falsely arresting and imprisoning DELCASTILLO and by intentionally humiliating him, conducted themselves in a manner that went beyond all common notions of decency. The defendant officers engaged in conduct intended to humiliate, embarrass, and instill fear in DELCASTILLO, and they directly injured DELCASTILLO by their failure to act in accordance with common notions of fairness and decency.

42. The foregoing conduct caused DELCASTILLO to suffer severe and extreme emotional distress. The defendant officer's conduct was the proximate cause of harm and damage to DELCASTILLO, and by reason of the foregoing alleged acts and conduct DELCASTILLO is entitled to damages against the defendant officers all according to proof at trial.

43. The defendant officers engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of DELCASTILLO. DELCASTILLO is therefore entitled to and do seek punitive damages against the defendant officers.

COMPLAINT FOR DAMAGES

## FIFTH CLAIM
(42 U.S.C. 1983)
(Monell Claim - Against The City Of San Francisco)

44. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 43 as fully set forth herein.

45. Every defendant in his/her official capacity knowingly, or grossly negligently, or with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the state and/or federal constitutional or statutory rights of person, grossly negligently with reckless disregard to state or federal constitutional and/or statutory rights, failed to properly train, to supervise, to retrain if necessary, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by Plaintiff pursuant to the principals set forth in *Monell v. New York City Dept. of Social Services* and its progeny.

## DEMAND FOR JURY

PLAINTIFF DEMANDS THAT EACH OF HIS CLAIMS BE TRIED BEFORE A JURY.

## PRAYER

WHEREFORE, plaintiff prays for judgment against all Defendants, and each of them, as follows:

1. For a money judgment representing compensatory damages, general damages, special damages, and other sums according to proof at trial;

2. For a money judgment for mental pain and anguish and emotional distress according to proof at trial;

3. For punitive damages against the individual Defendants;

4. For attorney's fees and costs of suit, pursuant to 42 USC 1988;

**COMPLAINT FOR DAMAGES**

5. For prejudgment and post-judgment interest;

6. For any other remedy that the court deems just and proper.

DATED: June 18, 2008    LAW OFFICES OF KENNETH FRUCHT

Kenneth N. Frucht
Attorney For Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES