DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
DANIEL A. ZAHEER, State Bar #237118
ROBERT A. BONTA, State Bar #202668
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3822
Telephone:    (415) 554-4268
Facsimile:    (415) 554-3837
E-Mail:       daniel.zaheer@sfgov.org
              robert.bonta@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANTONIO DELCASTILLO, | Case No. C08-3020 PJH |
|---|---|
| Plaintiff, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| vs. | *As modified by the court* |
| CITY AND COUNTY OF SAN FRANCISCO, KEVIN CHIN, JASON GALLAGHER, KEVIN HORAN, ROBERT KOBOLD, STEVEN NEEDHAM, ROBIN ODUM, TYLER ROPELATO, WAYMAN YOUNG, and DOES 1-25, inclusive, | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1. CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall include all documents containing peace officer personnel records, official information and any other such documents that defendants in good faith have determined to be confidential. Defendants shall attempt to stamp "Confidential" on all such documents prior to production. In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped as "Confidential" by defendants, the party who notices this oversight shall nonetheless treat such documents as CONFIDENTIAL INFORMATION. Such party shall also immediately make the labeling oversight known to the other parties and the documents shall immediately be stamped as "Confidential" and treated as such, as per this order.

2. All documents, including, but not limited to, audiotapes, videotapes, photographs, transcripts, etc., related to the criminal investigation incidental to the event forming the basis of this lawsuit shall be also be deemed CONFIDENTIAL INFORMATION, within the meaning of this stipulation.

3. Plaintiff may challenge defendants' designation of a particular document as CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the Court. The parties agree that the prevailing party in a motion to remove the confidential designation shall waive any entitlement to monetary sanctions, including attorney's fees.

4. Unless disclosure is ordered by the Court, attorneys for defendants shall have the sole authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise counsel for plaintiff in writing if this determination is made.

5.  Any CONFIDENTIAL INFORMATION that is disclosed or produced by any party or non party in connection with this case may be used only for prosecuting, defending, or attempting to settle this litigation. CONFIDENTIAL INFORMATION may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, all parties or non parties that have received CONFIDENTIAL INFORMATION must comply with the provisions of section 12, below. All parties or non parties that have received CONFIDENTIAL INFORMATION must store and maintain it in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.  Plaintiff's Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION only to the following categories of person and no other unless authorized by order of the Court:

   a.  Plaintiff's Counsel;

   b.  Experts, investigators or consultants retained by Plaintiff's Counsel to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A. Plaintiff's counsel shall file and serve that document upon its execution; however, Plaintiff's counsel shall not be required to file any Agreement to Comply any earlier than the date that Expert Disclosures are required to be made. Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person.

7.  Counsel for Plaintiff may not provide originals or copies of the CONFIDENTIAL INFORMATION to any plaintiff absent the written agreement of counsel for the City or a court order, subject to the following:

   a.  For purposes of evaluating the settlement value or potential jury verdict, counsel for Plaintiff may discuss the general nature of the CONFIDENTIAL INFORMATION with plaintiffs without disclosing any identifying details about a specific incident or any documents. Plaintiffs' counsel may also review with a plaintiff any statement or interview given by that plaintiff.

b.  In addition, Plaintiffs' counsel may show the Homicide Investigation file materials only to individual plaintiffs and discuss those materials with individual plaintiffs, but may not give plaintiffs copies; however, each individual plaintiff must execute the document attached as Exhibit A pursuant to the provisions of paragraph 5.b., and will be bound by this Protective Order.

8.  Unless otherwise stipulated to by defendants, any use of CONFIDENTIAL INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION in any papers or pleadings filed with the Court, may be filed under seal if the court so orders pursuant to ~~pursuant to the Court's rules and procedures (see Northern District of California~~ Civil Local Rule 79-5). The sealed envelopes shall be endorsed with the caption of this litigation, and an indication of the nature of the contents of the envelopes and a statement substantially in the following form:

> "This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be displayed or revealed except by further order of the Court or written consent of the City and County of San Francisco."

9.  In the event any person desires to exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this stipulation during trial or pretrial proceedings, such person shall meet and confer with counsel for defendants to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure, and if defendants do not agree to such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless authorized by order of the Court. Unless otherwise agreed, transcripts and exhibits that incorporate or reference CONFIDENTIAL INFORMATION covered under this stipulation shall be treated as CONFIDENTIAL INFORMATION that is subject to the provisions of this PROTECTIVE ORDER. The Court Reporter shall mark as "Confidential" any deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

10. If a party who has received CONFIDENTIAL INFORMATION learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this PROTECTIVE ORDER, the party must immediately (a) notify the San Francisco City Attorney's Office in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (c) inform the person or

1  persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request
2  such person or persons to execute the document that is attached hereto as Exhibit A.

3  11.  Any inadvertent disclosure made in violation of this PROTECTIVE ORDER does not
4  constitute a waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the
5  parties, or further order of this Court.

6  12.  All documents covered by this PROTECTIVE ORDER and copies thereof (including
7  those in the possession of experts, consultants, etc.) will be returned to the San Francisco City
8  Attorney's Office at the termination of this litigation. On final disposition of this case, plaintiff's
9  counsel shall within 30 days after the final disposition of this case, without request or further order of
10 this Court, return all CONFIDENTIAL INFORMATION to the Deputy City Attorney of record in
11 this matter. The provisions of this PROTECTIVE ORDER shall, without further order of the Court,
12 continue to be binding after the conclusion of the action, and this Court will have jurisdiction to
13 enforce the terms of this PROTECTIVE ORDER.

14 13.  Should plaintiff(s) fail to comply with this PROTECTIVE ORDER, plaintiff(s) and
15 plaintiffs' counsel shall be liable for all costs associated with enforcing this agreement, including but
16 not limited to all attorney fees in amounts to be determined by the Court. Plaintiff and plaintiff's
17 counsel may also be subject to additional sanctions or remedial measures, such as contempt,
18 evidentiary or terminating sanctions.

19 IT IS SO STIPULATED.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

STIP & [PROPOSED] PROTECTIVE ORDER          5          n:\lit\li2008\090333\00556428.doc
CASE NO. C08-3020

Dated: October 19, 2009

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
DANIEL A. ZAHEER
Deputy City Attorneys

By: /s/
DANIEL A. ZAHEER

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

Dated: October 19, 2009

By: /s/
KENNETH FRUCHT
Attorney for Plaintiff
ANTONIO DELCASTILLO

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 11/12/09

HON. PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

STIP & [PROPOSED] PROTECTIVE ORDER           6           n:\lit\li2008\090333\00556428.doc
CASE NO. C08-3020